FILED

2017 NOV -6 PM 3: 32

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY:

Petr Medacek
901 Isabel Street
Los Angeles CA 90065
Defendant pro se

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CV17-8094~ JFW (FFMx)**

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR WAMU
2005-AR11

                Plaintiff.

     vs.

RADKA KROUL. PETER DRAKSLER;
AND DOES 1-6 inclusive

            Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**NOTICE OF REMOVAL OF ACTION
UNDER 28USC §§ 1441, 1441(a) and 1446
FEDERAL QUESTION, DIVERSITY**

Case No.: **16U08532**

TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES CENTRAL DISTRICT;

    Plaintiff, Deutsche Bank National Trust Company as Trustee for Wamu 2005-AR11.

Plaintiff's attorneys of record and all other interested parties;

    PLEASE TAKE NOTICE that Defendant, Petr Medacek, under the pertinent provisions

of 28 U.S.C. §§ 1441, 1441(d) and 1446, has caused removal of that certain action identified

as case number 16U08532 in the Superior Court of California for the County of Los Angeles

from said court to the jurisdiction of the United States District Court for the Central District of

California as follows:

THIS REMOVAL IS TIMELY FILED

NOTICE OF REMOVAL - 1

## THIS REMOVAL IS TIMELY FILED

Plaintiff has nut served a copy of the summons and complaint on this Defendant who asserts that he has not been properly served and now seeks removal  whereby this notice of removal is timely filed. Pursuant to 28 U.S.C. § 1446(b) which states in pertinent part "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise".

## THE AMOUNT REQUIREMENT IS SATISFIED

The complaint alleges that the amount in controversy exceeds $740,577.04

## COMPLETE DIVERSITY EXISTS

The complaint alleges that Plaintiff's principal place of business is in Frankfort, Germany and at all relevant times was, a corporation duly organized and existing under the laws of the State of Delaware, whereby Plaintiff is not, and was not at any relevant time, a citizen of the State of California. Attached hereto as an exhibit hereto is a true and correct copy of the California Secretary of State registration pertaining to said Plaintiff

## FEDERAL QUESTION EXISTS

Federal question jurisdiction pursuant to 28 U.S.C. 1331 exists as follows;

Plaintiff brought the above identified action in the Superior Court of California for the County of Los Angeles notwithstanding the federal questions hereinafter set forth;

The real property asset subject to the Superior Court of California case subject to this removal was acquired by Washington Mutual Bank FA through a foreclosure sale whereafter the assets of Washington Mutual Bank FA were acquired by the Federal Deposit Insurance Corporation (FDIC) and then made subject to the orders of the United states bankruptcy court through a bankruptcy filed by Washington Mutual Bank FA. .

On September 25, 2008, subsequent to Washington Mutual's acquisition of said real property, the banking operations of Washington Mutual, Inc - Washington Mutual Bank, Henderson, NV and Washington Mutual Bank, FSB, Park City, UT (Washington Mutual Bank) were sold in a transaction facilitated by the Office of Thrift Supervision (OTS) and the Federal Deposit Insurance Corporation (FDIC).

On the day after WAMU failed, its holding company, Washington Mutual Inc. ("WMI"), filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware (assigned to Judge Mary F. Walrath). Thereafter, WMI, JPMC, the FDIC in its Corporate capacity ("FDIC-C"), and the Receiver became involved in several lawsuits contesting the ownership of over $20 billion in assets.

On September 25, 2008 (the "Receivership Date"), the Director of the OTS, by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately taking possession of WMB (the "Receivership").

Immediately after its appointment as receiver, the FDIC purportedly sold substantially all the assets of WMB, including the stock of WMBfsb, to JPMorgan Chase Bank, National Association ("JPMorgan Chase") pursuant to that certain *Purchase and Assumption Agreement, Whole Bank*, dated as of September 25, 2008 (the "Purchase Agreement").

On the day after WAMU failed, its holding company, Washington Mutual Inc. ("WMI"), filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware (assigned to Judge Mary F. Walrath). Thereafter, WMI, JPMC, the FDIC in its Corporate capacity ("FDIC-C"), and the Receiver became involved in several lawsuits contesting the ownership of over $20 billion in assets.

The parties reached a settlement in the WMI bankruptcy proceeding that was approved by the FDIC's Board of Directors on May 20, 2010, and WMI filed a plan of reorganization incorporating the terms of the settlement ("WMI Bankruptcy Settlement"). Several parties

objected to WMI's proposed plan, and in particular, WMI's proposal to release its claims against JPMC, FDIC-C, and the Receiver. At the request of WMI's equity holders, the Bankruptcy Court appointed an Examiner to thoroughly investigate WMI's claims against JPMC, FDIC-C, and the Receiver, and to determine whether the proposed settlement (which would release these claims) was fair and equitable to WMI. The Examiner found that the WMI Bankruptcy Settlement was a fair resolution.

On February 24, 2012, the Bankruptcy Court entered an <u>order confirming the seventh amended plan - PDF</u> proposed by WMI and its co-debtor WMI Investment Corp (the "Plan"). The WMI Bankruptcy <u>Settlement - PDF</u>, as amended from time to time, remains integral to and incorporated in the Plan. The Plan and Settlement became effective on March 19, 2012. The Receiver received $843.9 million pursuant to the terms of the WMI Bankruptcy Settlement.

On August 19, 2016, the FDIC Board of Directors approved a settlement among the Receiver, FDIC-C, DBNTC, and JPMC, to settle the lawsuit filed by DBNTC, the Indemnification lawsuit filed by JPMC and all claims for indemnification made by JPMC against the Receiver, including two other lawsuits disputing JPMC's responsibility for tax liabilities of the failed WAMU ("DBNTC-JPMC-FDIC Settlement"). Under its terms, the FDIC-JPMC-DBNTC settlement became effective only if DBNTC obtained court approval of the settlement. On June 30, 2017, the Superior Court of Orange County, California entered an order approving the settlement, and that order became final and un-appealable on September 5, 2017. Under the settlement agreement, in exchange for releases from JPMC and DBNTC, the Receiver paid JPMC $645 million and issued DBNTC an allowed unsecured receivership claim of $3,006,929,600 on September 8, 2017. The DBNTC-JPMC-FDIC Settlement agreement can be found at this link: <u>DBNTC-JPMC-FDIC Settlement agreement - PDF</u>.

1  As a result of the settlement, the parties dismissed certain lawsuits pending in the district
2  court and an appeal pending in the court of appeals. These lawsuits had been stayed while
3  DBNTC obtained approval of the settlement by the California state court.

4  WMI, a holding company incorporated in the State of Washington, is the direct parent of
5  WMI Investment Corp. ("WMI Investment"), which served as an investment vehicle for WMI
6  and holds a variety of securities. WMI Investment is incorporated in the State of Delaware.
7  Prior to the September 25, 2008, WMI operated as a savings and loan holding company that
8  owned Washington Mutual Bank ("WMB") and, indirectly, such bank's subsidiaries, including
9  Washington Mutual Bank fsb ("WMBfsb"). WMI still owns all of the outstanding stock of
10  WMB, and WMI also has certain non-banking, non-debtor subsidiaries (the "Non-debtor
11  Subsidiaries"). Like all savings and loan holding companies, WMI was subject to regulation by
12  the Office of Thrift Supervision (the "OTS"). WMB and WMBfsb, in turn, like all depository
13  institutions with federal thrift charters, were subject to regulation and examination by the OTS.
14  In addition, WMI's banking and nonbanking subsidiaries were overseen by various federal and
15  state authorities, including the Federal Deposit Insurance Corporation ("FDIC").

16  On September 25, 2008 (the "Receivership Date"), the Director of the OTS, by order
17  number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was
18  immediately taking possession of WMB (the "Receivership"). Immediately after its
19  appointment as receiver, the FDIC purportedly sold substantially all the assets of WMB,
20  including the stock of WMBfsb, to JPMorgan Chase Bank, National Association ("JPMorgan
21  Chase") pursuant to that certain *Purchase and Assumption Agreement, Whole Bank*, dated as of
22  September 25, 2008 (the "Purchase Agreement").

23  WMI's assets include its common stock interest in WMB, its interest in its non-banking
24  subsidiaries , and more than $ 4 billion of cash that WMI and its non-banking subsidiaries

(including WMI Investment) had on deposit at WMB and WMBfsb immediately prior to the time the FDIC was appointed as receiver.

**A. Background**

On or about April 29, 2005, Radka and Josef Kroul signed Purchase Agreement with Santos and Kyong Ae Rodriguez for property 901  Isabel St., Los Angeles for amount of $ 980.000,- secured by loan in amount of $900.00,-from Washington Mutual Bank FA.   After opening of escrow two more  adjacent parcels were purchased  from the same seller for $ 220.000 paid cash with close of the escrow.

All three properties have different parcel numbers (APN)s,   three different street addresses ( 901 Isabel St., 911 Isabel St.  and 3513 N Thorpe St.) and are recorded in three location  of Book of Records of Los Angeles County. (Book 36 page 5, Book 36 Page 9 and Book 7 Page 18 ).

The Loan provided by Washington Mutual Bank FA within the program "**Power of Yes**" required the property at  901 Isabel St. to be owned by Radka Kroul alone to meet Credit criteria.

Therefore a Quit Claim Deed has been recorded on property 901 Isabel St. by Radka Kroul and Deed of Trust signed by Radka Kroul alone clearly describing that  Washington Mutual Bank FA,  secured an interest in property  known as 901 Isabel Street, Los Angeles, CA 90065 . Lender" and Beneficiary  is Washington Mutual Bank FA a federal association, 400 East Main Street Stockton, CA 95290.

However attachment "A" of said Deed Of Trust recorded on property 901 Isabel St. contains **by error** legal description of  ALL THREE PROPERTIES" acquired within the same escrow two of which were *not* encumbered with a security interest. (See the attached Deed of Trust – instrument 05 1001174)

The Country Recorder of Los Angeles recorded this Deed Of Trust to property APN 5452 002 001 ( 901 Isabel St., Los Angeles) as instructed by Security Instrument Cover Sheet provided by Equity Title , no other APN or properties, or locations of Book of records were attached.

A Grant Deed – instrument 05 1001173 recorded also on 4/29/2005- granted to Radka Kroul all **three properties** with correct legal description without particular address (common with multiple property addresses) however Equity title company indicated to be recorded on APN 5452 002 001. Therefore this Grant Deed has been recorded on one parcel (property) and other two properties transfer was valid but unrecorded.

This deficiency has been corrected with ownership change from Radka Kroul to Josef Kroul and Radka Kroul by Grant Deed recorded on 10/04/2006 as instrument 06 2210133. This instrument eliminated ANY POSSIBLE CLAIMS of Washington Mutual Bank Fa or all sucessors to other two properties and is VOID against any future judgments.

California Code, Civil Code – CIV Par. 1214

Every conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or **any part thereof,** in good faith and for a valuable consideration, whose conveyance is **first duly recorded,** and as **against any judgment** affecting the title, **unless the conveyance shall have been duly recorded prior** to the record of notice of action.

In or about 2007, the Krouls paid on time but were in dispute with Washington Mutual Bank FA in regards to creation of " Made Up " Mortgage's escrow account. Thereafter, a series of documents were recorded on the Property 901 Isabel St, including a Notice of Default, Notice Of Trustee Sale, Substitution of Trustee and Trustee Deed Upon Sale.

All of these recorded documents reference only one APN number as the Deed of Trust and without any reference to other two physical addresses of *911 N. Isabel Street and 3513 N. Thorpe Ave* or any references to multiple Book of Record.

However some of them contain legal description of all three properties copied from Deed of Trust Attachment "A".  Recording of all these documents was executed **exclusively on one parcel** -901 Isabel St. (APN 5452002001).

Then "First" **Trustee's Deed Upon Sale** (Document 20080508069 from 3/25/2008) **eliminated loan** from the books of Washington Mutual Bank FA.

Unlawful Detainer  Case 08U 04628 has been filed on 4/16/2008 and Krouls has been evicted from ALL THREE PROPERTIES when eviction court gave writ of possession to Washington Mutual Bank FA.

The Krouls kept disputing the ownership of the other two properties but on September 25, 2008, the banking operations of Washington Mutual, Inc - **Washington Mutual Bank, Henderson, NV** and **Washington Mutual Bank, FSB, Park City, UT** (Washington Mutual Bank) were sold in a transaction facilitated by the Office of Thrift Supervision (OTS) and the Federal Deposit Insurance Corporation (FDIC).

Since this property 901 Isabel St., Los Angeles has been owned as REO by non banking subsidiary of Washington Mutual Inc., it was **not** "asset" pursuant to that  "Purchase Agreement"  and therefore property 901 Isabel St., Los Angeles has been offered for sale in February 2009 . Escrow has been opened in April 2009 with buyer Brock Harris , 2235 Hyperion Ave Los Angeles, CA 90027 for purchase amount of $ 550.000,- . Two days prior close of escrow "buyer" has been advised that escrow will be cancelled because of "title problems" with other two lots.

In May 2009 all signs, locks and chains on gates has been removed and property has been abandoned.  Within couple of months without any protection house has been vandalized, architectural features stolen and transients living in the house caused irreversible damage in declared Architectural Landmark of Los Angeles City.

In October 2009 during dispute over other two properties ownership the Krouls learned about **'First'** " **Rescission of TDUS** by Washington Mutual bank FA on 4/17/2009 – instrument 20090595065  (issued  more than 1 year after foreclosure and more than 6 months after FDIC receivership of WaMu ) and by end of November 2009 moved back into the property and started to repair the property to habitable status.

Several letters from Chase Customer service has been found in the mailbox started from July 20, 2009  asking if home is vacant or letters from Chase collection demanding payment of amount $ 180.926 within 30 days for unpaid monthly loan amounts.

During December 2009 till February 2010 several letters demanding payment from $ 180.000 to $ 225.000 has been received from Chase Home Finance

On March 26, 2010 **California Reconveyance Company** (CRC) recorded three documents related again exclusively to  property 901 Isabel St, Los Angeles, APN 5452002001

Assigment of Deed of Trust – instrument  20100421981 signed by Collee Irby for JP Morgan Chase Bank National Association, successor in interest to Washington Mutual Bank FA -Substitution of Trustee to CRC – instrument 20100421892- Collen Irby signed for Deutsche Bank National Trust Company (DBNTC) as trustee for WaMu Mortgage Pass through Certificate series 2005 AR 11 Trust by JP Morgan Chase bank National Association , as attorney in fact

**No documents** were created or recorded for 901 Isabel St. or 3513 N Thorpe St. , their addresses , APN or legal description.

Another **Assignment Of Deed Of Trust** has been recorded on 901 Isabel st, Los Angeles on 11/23/2010 by Wanda Chapman for JP Morgan Chase Bank as document 20101787421 transferring interest again to DBNTC

"Second foreclosure" TDUS granting property to Deutsche Bank National Trust Company as trustee for WAMU 2005-AR11 (grantee) was recorded on 05/16/2011 as document 20110686909 with indicated APN 5452002001 containing legal description of all three properties but with situs : 901 Isabel St, Los Angeles , RETRAN report of the auction indicates foreclosure of  901 Isabel St. Los Angeles with Washington Mutual Bank FA / JP Morgan Chase Bank NA as beneficiary / trustee .

On May 18, 2011 CRC rescinded "second" Deed Of Trust Upon Sale and left unrecorded till 03/28/2013 when it has been received by mail and properly recorded. (instrument 20130462166)

On November 4, 2014  DBNTC filed complaint for  cancellation of "unauthorized rescission"  .The Krouls without legal representation  stipulated to cancell  "Rescission" and agreed that "TDUS from May 16, 2011 remained  a valid recorded instrument in the chain of title to the Property as of the date it was first recorded".

Purpose of Stipulation was " agree that Unauthorized Reconveyance is declared void and is deemed cancelled as of the day it was recorded on March 28, 2013.

However concerned property "known as 901 Isabel St., Los Angeles " with APN 5452-002-001 has again defective legal description containing the other two properties 911 Isabel St., and 3513 N Thorpe St. which were not foreclosed on  May 16, 2011,  not mentioned in stipulation by APN, Books of record or addresses.

DBNTC recorded judgment as " perfecting the title " to all three properties with verification code " 3 Parcels Sale – Unverified".   The Krouls did not sell or give the other two properties to DBNT , they were never part of Security Instrument and no Deed of Trust , NOD,

NOTS has been ever recorded on them. Krouls just agreed to cancel instrument claimed to be "unauthorized". In return DBNTC promised orally to arrange "contact with owner to negotiate purchase of the property".

After signing the stipulation the Krouls contacted DBNTC themselves and were informed that "DBNTC only hold Note for Investors" and they should contact Chase Bank as servicer. (Enclosures)

Subsequent research on 901 Isabel St. property revealed that FDIC never confiscated REO owned by subsidiary of Washington Mutual Inc. and on September 25, 2008 when JP Morgan Chase Bank acquired "the loan" there was NO LOAN or ownership change with transfer of stock of WMBFSB.

Information for Washington Mutual Bank, Henderson, NV and Washington Mutual Bank, FSB, Park City, UT

All loan documents were signed for property 901 Isabel St., Los Angeles clearly stating that **Deed of Trust for the Note will be secured by property 901 Isabel St. Los Angeles** . (Owner Occupancy Agreement, Borrower Disbursement

Authorization, Loan Disbursement Summary, Escrow Account Notification, Insurance Account Requirements, Anti-Coercion Disclosure- see copies and other documents)

Affiliated Business Arrangement Disclosure Statement states that Washington Mutual Inc. is parent company (100 % owner ) of multiple companies and Banks, including " Washington Mutual Bank, Washington Mutual Bank FSB, Washington Mutual Bank FA (who provide a wide variety of first and second lien residential mortgage loan products)

The lender in this particular mortgage was Washington Mutual Bank, FA (First payment Notice, Itemization of Amount Financed, Borrower Disbursement Authorization, Forced-Placed Insurance Disclosure, Credit Authorization Release, *Actual* notice consists of express

information of a fact. *Constructive* notice means notice given by the public records. By means of *constructive* notice, people are presumed to know the contents of recorded instruments. Publicly recording instruments of transfer/conveyance or to encumber/lien the title to real property imparts *constructive* notice. For example, Civil Code Section 2934 enacted in 1872 states in part, "Any assignment of a mortgage and any assignment of the beneficial interest under a deed of trust **may be recorded**, and from the time the same is filed for record operates as *constructive* notice of the contents thereof to all persons...".

The Government Code of California provides that, after being acknowledged (executed in front of a Notary Public, or properly witnessed as provided by applicable law), any instrument or judgment affecting the title to or possession of real property may be recorded. See *Government Code Sections 27201, 27201.5, 27287, and 27288.*

The word "instrument" as defined in Section 27279(a) of the Government Code "...means a written paper signed by a person or persons transferring the title to, or giving a lien on real property, or giving a right to a debt or duty" . See *Hoag v Howard (1880) 55 Cal. 564-567.* The definition of an "instrument" does not necessarily include every writing purporting to affect real property. However, the term "instrument" does include, among others, deeds, mortgages, leases, land contracts, deeds of trust and agreements between or among landowners/property owners.

The general purpose of recording statutes is to permit (rather than require) the recordation of any instrument which affects the title to or possession of real property, and to penalize the person who fails to take advantage of recording.

## JURISDICTION BELONGS TO THE FEDERAL COURTS

All of WAMU's assets were tied up in a web of Federal Court disputes from September 25, 2008, to August 19, 2016. (PLEASE REFERENCE EXH. NO) The Superior Court of Los

Angeles never had jurisdiction to hear Deutsche Bank's Complaint or render a decision regarding the Subject Property because on August 4, 2016, Wamu was pending in bankruptcy.

On September 25, 2008, the Office of Thrift Supervision (OTC) appointed the FDIC as Receiver for Washington Mutual Bank, (See attached "Exhibit 6" – TOC Order re Receivership) pursuant to 12 U.S.C § 1464(d)(2)(A) and FDIA 11(c)(5)(C),(F).

Thereafter, the FDIC purportedly transferred substantially all of WAMU's bank assets *not* including residential mortgage loans, and liabilities to Chase.  On September 26, 2008, WAMU filed for Chapter 11 bankruptcy in the District of Delaware with respect to its remaining assets (Case No. 08-12229 MFW).  (See attached "Exhibit 7" – WAMU Bankruptcy filing Statement of Financial Affairs).

Deutsche Bank subsequently commenced suit against FDIC for breach of contract on August 26, 2009 (See attached Exhibit "8" – Deutsche Bank Complaint), setting forth the Court's jurisdiction on pages 2 - 3, and Chase filed suit against FDIC on December 17, 2013 (See Chase Complaint, attached "Exhibit 9").   Among other things, these suits alleged disagreements over which assets had been transferred to Chase and Deutsche.  The Subject Property is, or was, a WAMU asset (not a liability – because it is not a loan).  Because the gravamen of these actions was "who owns what", Plaintiff cannot assert its usual successor/servicer argument that it had the right to bring this underlying action and obtain Judgment.

The Receivership, bankruptcy proceeding and two additional federal suits held jurisdiction over all of WAMU's assets until August 19, 2016, when FDIC reached a settlement agreement with Deutsche and Chase. The Settlement remains under jurisdiction of the Federal Court. WAMU's bankruptcy plan is still on-going and the most recent filing, to date, is Docket 12418, Notice of Appearance and Demand for Service of Notice and Papers.

As such, all of WAMU's assets were either tied up in bankruptcy court and Receivership, or remained in WAMU's possession.  The Subject Property could not be legally transferred to Chase bank in 2010.

The Los Angeles Superior Court never had the authority to hear any action related to the Subject Property.   If Washington Mutual held title to the Subject Property in 2008, all of its assets were under the jurisdiction of the Bankruptcy Court and/or federal litigation.  Chase had no authority to transfer the Subject Property to Deutsche Bank in 2010.  (See "Exhibit 10" Assignment of Deed of Trust.) The disputed lots remained in the possession of Washington Mutual – and under the jurisdiction of federal Courts – in 2010.

The Court states,

bankruptcy matters must remain in the federal forum for several reasons: (1) Congress 'plac[ed] bankruptcy jurisdiction exclusively in the district courts as an initial matter'; (2) Congress, by enacting the bankruptcy Code, 'create[d] a whole system under federal control ... designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike'; (3) bankruptcy law, ' "intimately connected with the regulation of commerce," ' requires uniformity; and (4) there are a myriad of remedies within the bankruptcy laws

VENUE

Plaintiff's State Court Action is pending in the Superior Court of California for the City and County of Los Angeles, which is within this judicial district and division pursuant to 28 U.S.C. § 84(a). The United States District Court for the Central District of California is, therefore this is the proper venue for removal.

NOTICE

As required by 28 U.S.C. § 1446(d), this defendant is serving written notice of of removal on Plaintiff and filing a copy of it with the clerk of the Superior Court of the State of California for the City and County of Los Angeles.

The subject Complaint also identifies Doe Defendants whereby, pursuant to 28 U.S.C. §1441 (a), the citizenship of these defendants is disregarded.

This is a civil action over which the Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §1441 (a).

This Defendant certifies that he will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice of same to counsel for Plaintiff.

The other named Defendants herein join in the removal of this action.

RESERVATION OF RIGHTS

Defendant denies the allegations contained in Plaintiffs Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in his favor in either state or federal court and further, in making the allegations in this Notice of Removal, This Defendant does not concede in any way that the allegations in the Complaint that Plaintiff has asserted are accurate, or admitted.

This Defendant also reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of the removal of this Action, This Defendant expressly requests the opportunity to present such further evidence as necessary to support his position that this Action is removable.

WHEREFORE, This defendant hereby removes the above captioned action from the state of California Superior Court, County of Los Angeles to the United States District Court for the Central District of California and requests that further proceedings be conducted in said Court as provided by law.

As is required by 28 U.S.C. § 1446(a) and Local Rule, copies of all process, pleading, orders, and other papers or exhibits filed in the State Court are attached hereto as Exhibit 1.

As is further required by 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiffs' and the Clerk of the State Court

Respectfully Submitted, this 6th day of November, 2017

Petr Medacek,  Pro Se

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles.  I am over the age of eighteen and not a party to the within action.

On 11/6/2017, I served a true and correct copy of the following:

**NOTICE OF REMOVAL OF ACTION**

by placing said copy in a sealed envelope with postage thereon fully prepaid in the United States mail, in Los Angeles, California, addressed as follows::

Randall D. Naiman, Esq
Law Offices of Randall Naiman
4660 La Jolla Village Drive
San Diego, CA 92122

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 11/6/2017

_____
Kevin Miller

1 │ Randall D. Naiman, Esq. - State Bar No. 81048
  │ NAIMAN LAW GROUP,
2 │ Professional Corporation
  │ 4660 La Jolla Village Drive, Suite 850
3 │ San Diego, California 92122
  │ (858) 224-6800 (telephone)
4 │ (858) 224-6801 (facsimile)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 28 2016

5 │ Attorney for Plaintiff, **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR WAMU 2005-AR11**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STANLEY MOSK COURTHOUSE

16U08532

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR WAMU 2005-AR11 | Case No.: |
| Plaintiff, | LIMITED CIVIL CASE |
| | COMPLAINT FOR UNLAWFUL DETAINER |
| vs. | AMOUNT DEMANDED DOES NOT EXCEED $10,000.00 |
| RADKA KROUL; PETER DRAXLER; and DOES 1 to 6, inclusive | Action based on Code of Civil Procedure Section 1161a |
| Defendants. | Foreclosure |

Plaintiff alleges:

1.      This court is the proper court for the trial of this action because:

a.      Each Defendant resides and/or conducts business in the area served by this Court;

b.      The real property which is the subject of this action 901 Isabel Street, Los Angeles, CA 90065 (hereinafter "the Property"), is located in the area served by this Court; and

c.      The amount of damages claimed in this action does not exceed $10,000.00.

2.      Plaintiff is informed and believes and upon such information and belief alleges that Defendant(s) Radka Kroul and Peter Draxler (hereinafter "Defendant(s)") at

1

Complaint – Unlawful Detainer

Ex A

1   all times herein mentioned is/are currently resident(s) of the County of Los Angeles, State

2   of California, and reside within the jurisdictional boundaries of this Court.

3       3.    The true names and capacities of Does 1 through 6, inclusive, are presently

4   unknown to Plaintiff, who therefore sues such Defendant(s) under such fictitious names

5   pursuant to Section 474 of the Code of Civil Procedure.  Plaintiff is informed and believes,

6   and on such information and belief, alleges that each such "Doe" Defendant is in

7   possession of the Property, without the permission or consent of Plaintiff, and Plaintiff will

8   amend this complaint to state the true names and capacities of said Defendant(s) when

9   the same have been ascertained.

10       4.    Plaintiff is the owner of and entitled to immediate possession of the

11   Property.  Defendant(s), and each of them, are and remain in possession of the Property.

12       5.    On or about May 9, 2011, the Property was sold to Plaintiff at a trustee's

13   sale following foreclosure proceedings.  Said foreclosure and all notices preceding said

14   foreclosure were done in compliance with Section 2924 et. seq. of the California Civil

15   Code, under power of sale contained in a deed of trust executed by Radka Kroul, a

16   married woman as her sole and separate property, and title under the sale was duly

17   perfected in Plaintiff by the recording of a Trustee's Deed Upon Sale in the Official

18   Records, County of Los Angeles.  A true and correct copy of the Trustee's Deed Upon

19   Sale is attached to this complaint as Exhibit "A" and incorporated herein by this reference.

20       6.    On July 19, 2016, Defendant(s), and each of them, were served with a

21   three-day written notice to quit and deliver up possession of the Property to Plaintiff

22   ("Notice").  The Notice was served in accordance with Code of Civil Procedure section

23   1162.  True and correct copies of the Notice and Proof(s) of Service thereof are attached

24   to this complaint collectively as Exhibit "B" and incorporated herein by this reference.

25       7.    More than three (3) days have elapsed since the service of the Notice, but

26   Defendant(s) have failed and refused to deliver up possession of the Property.

27       8.    Defendant(s) continue in possession of the Property without Plaintiff's

28   permission or consent.

Complaint – Unlawful Detainer

9.     Defendant(s) hold(s) over and continue(s) in possession of the Property willfully, intentionally and deliberately without permission or consent of Plaintiff, and Plaintiff is entitled to immediate possession of the Property.

10.     The reasonable value of the use and occupancy of the Property is at least $50.00 per day, and damages to Plaintiff caused by Defendant(s)' unlawful detention thereof has accrued at said rate since July 25, 2016, and will continue to accrue at said rate so long as Defendant(s) remain in possession of the property.

WHEREFORE, Plaintiff prays judgment against Defendant(s) as follows:

1.     For restitution and possession of the Property;

2.     For damages in the amount of at least $50.00 per day from July 25, 2016, through the date of entry of judgment;

3.     For costs of suit herein; and,

4.     For such other and further relief as the court may deem just and proper.

Dated: July 25, 2016

NAIMAN LAW GROUP,
Professional Corporation

By: _____
Randall D. Naiman, Esq.
Attorney for Plaintiff, **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR WAMU 2005-AR11**

3

Complaint – Unlawful Detainer

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )<br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES-2005-AR11 | DEFENDANTS ( Check box if you are representing yourself ☒ )<br>RADKA KROUL, PETER DRAKSLER, ~~JAMES BARTLESON~~ et al |
|---|---|

| (b) County of Residence of First Listed Plaintiff   Frankfort Germany<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   Los Angeles<br>(IN U.S. PLAINTIFF CASES ONLY) |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.<br>S. Christopher Yoo Esq<br>Alvarado Smith APC<br>1 MacArthur Place, Suite 200<br>Santa Ana, CA 92707 949-955-6800 | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.<br>Petr Medacek et al<br>901 Isabel Street<br>Los Angeles CA 90065   (310) 691-4760 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 480,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☒ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes  [ ] No | [X] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| [ ] Yes  [X] No | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? <br> *check one of the boxes to the right* ➔ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | [X] NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) <br> *check one of the boxes to the right* ➔ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [X] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| [ ] Yes  [X] No | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? <br> *check one of the boxes to the right* ➔ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) <br> *check one of the boxes to the right* ➔ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [X] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [x] |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| [X] Yes  [ ] No | [ ] Yes  [X] No |
| If "yes," your case will initially be assigned to the <br> SOUTHERN DIVISION. <br> Enter "Southern" in response to Question E, below, and continue from there. <br> If "no," go to question D2 to the right. ➔ | If "yes," your case will initially be assigned to the <br> EASTERN DIVISION. <br> Enter "Eastern" in response to Question E, below. <br> If "no," your case will be assigned to the WESTERN DIVISION. <br> Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➔ | WESTERN ▼ |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes  [X] No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court?    ☒ NO    ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed in this court?    ☐ NO    ☒ YES

If yes, list case number(s):

Civil cases are related when they (check all that apply):

☒ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

A civil forfeiture case and a criminal case are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**    Petr Medacek    DATE: 11/6/2017

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |